## L. Brent Vaughan, Appellant, v. Alice R. Vaughan, Appellee.

## Alice R. Vaughan, Appellee, v. L. Brent Vaughan, Appellant.

### Gen. No. 21,759.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. Benjamin
W. Pope, Judge, presiding.   Heard in this court at the October
term, 1915.   Affirmed.   Opinion filed January 31, 1916.   Rehearing
denied February 14, 1916.   *Certiorari* denied by Supreme Court
(making opinion final).

### Statement of the Case.

Bill for divorce by L. Brent Vaughan, complainant,
against Alice R. Vaughan, defendant, in the Circuit
Court of Cook county, and cross-bill by defendant
against complainant for separate maintenance.   From
a decree dismissing the bill for want of equity, and
granting the prayer of the cross-bill, with an allow-
ance of seventy-five dollars per month and one hun-
dred and seventy-five dollars for solicitor's fees,
complainant appeals.

The parties were married October 11, 1899, and
lived together as husband and wife until October, 1910,
and thereafter continued to live in the same house
until December 4, 1912.

Complainant was forced to leave his house by a
foreclosure of the mortgage and rented two rooms
with facilities for light housekeeping, and wanted his
wife and their twelve-year-old daughter to occupy.
such rooms, but did not himself live there, but
went to the Lexington Hotel and later to the Uni-
versity Club.   He did not invite his wife and daughter
to come to him at either place.

HARRIS F. WILLIAMS, for appellant.

JAMES J. KELLY, for appellee; JOHN A. BURKE and
JOHN T. FITZGERALD, of counsel.

Mr. Justice Baker delivered the opinion of the court.

## Abstract of the Decision.

1. Divorce, § 53*—*when motion to dismiss bill without prejudice properly refused.* It is not error to deny a motion of complainant in a bill for divorce to dismiss his bill without prejudice where a cross-bill has been filed, section 36 of the Chancery Act (J. & A. ¶ 916) providing that "no complainant shall be allowed to dismiss his bill after a cross-bill has been filed without the consent of the defendant."

2. Appeal and error, § 725*—*when record need not show findings of fact.* No findings of fact are required to support a decree where the evidence has been preserved by a certificate of evidence.

3. Husband and wife, § 217*—*when decree on cross-bill in divorce action for separate support and maintenance and solicitor's fees proper.* In a bill for divorce by a husband where defendant filed a cross-bill for separate maintenance, and the evidence warranted a finding that defendant was living separate and apart from her husband without her fault, defendant is entitled on her cross-bill to a decree for separate support and maintenance and solicitor's fees.